[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: POSTJUDGMENT MOTION TO MODIFY CHILD SUPPORT
On February 14, 2000, a protracted hearing was held to modify the award of unallocated alimony and support to child support only due to the plaintiff's remarriage. The record contains 50 pages. of colloquy between counsel for the plaintiff and counsel for the defendant and the court. Also at issue was the disposition of the defendant's bonus, which was earned in 1999 but paid and received by the defendant in March, 2000. This court determined that the plaintiff would be entitled to a percentage of this bonus when it was received in 2000, as set forth in CT Page 8065 the Memorandum of Decision dated March, 1999. The plaintiff remarried in January, 2000 and, under the orders of the Memorandum of Decision, she will no longer be entitled to any further share of the defendant's bonuses. The court determined the bonus was earned as of December 31, 1999 and the plaintiff became entitled to a percentage thereof as of December 31, 1999, prior to her remarriage.
At the time of the February hearing, counsel for the defendant submitted a child support guidelines worksheet which computed a recommended child support figure of $315 per week for child support (there are two minor children)
Plaintiff's counsel submitted a guidelines worksheet which included the bonus defendant had received in 1999 for the year 1998. The court disregarded this worksheet as it did not accurately set forth the correct figures. The defendant's bonus varies from year to year and child support is based on a cash basis and not an accrual basis.
At the February 14, 2000 hearing, the court entered an order of child support in the amount of $315 in accordance with the child support guidelines worksheet as submitted by the defendant. The order was retroactive to January 9, 2000, the date on which the plaintiff remarried.
The order regarding unreimbursed medical expenses remained as set forth in the memorandum, that is, defendant to pay the first $900 of unreimbursed medical expenses and the parties to equally divide any unreimbursed expenses thereafter.
In the February 14, 2000 hearing, the court awarded the defendant the two children as dependents for income tax purposes for the year 2000. The court considered the low income of the plaintiff (around $150 per week) and termination of alimony.
This order was made modifiable.
The plaintiff has now made a further motion to modify based on the defendant's receiving his bonus in March 2000.
The defendant's income including his bonus (less the amount he has paid to the plaintiff) rounds out to approximately $1930 per week. The plaintiff's income of $154 plus her 1/52 of the bonus rounds out to approximately $182 per week. When these figures are plugged into the guidelines worksheet, the recommended support order is $346 per week.
However, the plaintiff has already received a substantial portion of CT Page 8066 the defendant's 1999 bonus (paid in March 2000) in accordance with the Memorandum of Decision. It would be unequitable to award her more in the guise of child support.
In the event the defendant earns a bonus in 2000 which is paid to and received by him in the year 2001, then in 2001 (when the bonus is received), the child support guidelines should be recalculated, including the bonus in the defendant's income in the recalculation. Thus, every time the defendant receives a bonus, the child support guidelines have to be refigured with the bonus added to the defendant's income.
It would be inequitable to follow the plaintiff's reasoning and include the entire bonus in the defendant's income and exclude from the plaintiff's income her share of the bonus. That would be a double dipping on the plaintiff's part. The issue of the bonus has to be looked at in the context of the Memorandum of Decision. If all of the bonus was to be included in the defendant's income, then the plaintiff should not have received any portion of the 1999 bonus.
The unallocated award, which the plaintiff received in 1999, took into account the defendant's bonuses and in addition awarded the plaintiff an additional lump sum from the bonus (20% of the net nontaxable to the plaintiff) as part of the award of unallocated alimony and child support.
We are not dealing with a normal bonus situation as anticipated by the child support guidelines. It is necessary to look at the Memorandum of Decision, which took into account the defendant's bonuses and awarded the plaintiff a percentage thereof for a certain number of years.
Since the court has already awarded a percentage of the bonus to the plaintiff (non-taxable), that award becomes income to the plaintiff and the remaining amount of the bonus becomes part of the defendant's income.
Using these figures (defendant's bonus less amount paid to wife and wife's income plus her share of the bonus), the child support guidelines recommend a child support order of $346 per week.
The court takes into account that the defendant is paying the first $900 of unreimbursed medical expenses plus one-half of any additional medical expenses.
The defendant is also paying one-half of the children's summer camp, which totals approximately $600 for both children. CT Page 8067
For whatever reason, the plaintiff continues to be underemployed and has a higher earning capacity than is shown on her financial affidavits.
Accordingly, the court is deviating from the child support guidelines and enters an order of $315 per week child support. The order of child support entered on February 14, 2000 was $315 per week. No further retroactivity is ordered.
The Court
Coppeto, J.